UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOTAL E&P USA, INC. | CIVIL ACTION |
| VERSUS | NO. 09-6644 |
| KERR-MCGEE OIL & GAS CORPORATION, ET AL. | SECTION "N" (3) |

**ORDER**

On September 10, 2014, Kerr-McGee's Motion to Compel Production of Documents and Re-Opening of Depositions [Doc. #329] came on for oral hearing before the undersigned. Present were Dana Dupre and Patrick Shelby on behalf of Total E&P USA, Inc., Matthew Fantaci on behalf of the individual claimants, John Pearce on behalf of Statoil Gulf of Mexico, L.L.C., and Christine Lipsey on behalf of Anadarko US Offshore Corporation. After the oral hearing, the Court took the motion under advisement.

**I.      Background**

This is a dispute concerning oil and gas royalties. The lease at issue covers Green Canyon Block 640 in the Gulf os Mexico ("GOM"). It appears that Total operates the lease. Kerr-McGee and the individual defendants/consolidated plaintiffs listed above own overriding royalty interests on production from the lease. Under the Outer Continental Shelf Royalty Relief Act ("RRA"), the lease is entitled to royalty-free production until it has produced 87.5 million barrels of oil. The assignments that govern the overriding royalty interests ("ORRI") state that royalties will be paid

in the same manner as they are paid to the federal government.

Total thus argues that no overriding royalties are due to the individual parties until the lease has produced 87.5 million barrels of oil. Total filed this declaratory judgment action asking the Court to declare that its interpretation of the assignments is correct. Total has already paid some royalties and seeks to offset future payments by these amounts. Total also seeks to deposit into the registry of the Court any monies that it may owe if its interpretation of the assignments is incorrect.

The consolidated suit is generally a mirror action – the defendants in the lower-captioned suit sue the oil and gas lessees, arguing that they are entitled to royalties as of the date of initial production of oil and gas.

## II. The Parties' Contentions

### A. Kerr-McGee's Motion

When asked who led Total to the decision not to pay the ORRIs, Total identified its former CEO Jean-Michel Lavergne and indicated that he relied on the advice of counsel Thoams W. Ryan, David C. Houck, C. Peck Hayne, Jr., and Scott A. O'Connor. Lavergne testified that he relied on the advice of counsel Tom Ryan when he concluded not to pay the ORRIs. Ryan was then instructed not to answer certain questions at his deposition regarding the determination not to pay the ORRIs. He noted that Total relied on a 2005 title opinion authored by Geiger, Laborde and the advice of attorney Bruce Kramer. David Houck was also instructed not to answer questions at his deposition concerning discussions he had with Ryan.

Redacted e-mail strings also reveal that Houck's initial advice was to pay the ORRIs. And when Ryan testified that the first payments were in error based on legal advice, he was instructed

not to answer questions as to that advice. Houck also testified as to numerous documents withheld on the ground of privilege.

Kerr-McGee contends that Total has waived the attorney-client privilege, and it is thus entitled to Ryan's and Houck's answers to the referenced questions, the referenced redacted documents without redaction, and the documents identified in the list attached to the Rule 37 certificate.

Kerr-McGee contends that the federal common law of privilege governs here. Citing case law, it notes that the attorney-client privilege is waived when the privilege holder through some affirmative act, makes an assertion that renders relevant to the action privileged matter that is vital to the opposing party's defense. This is the "implied waiver" or "injection approach." Kerr-McGee cites numerous cases that have applied this approach.

Citing the deposition testimony of Lavergne, Houck and Ryan, Kerr-McGee contends that Total has injected the issue of advice of counsel into the litigation and has thus waived the attorney-client privilege by implication. Kerr-McGee argues that Total has made a choice to divulge protected information, and the fact-finder can not evaluate the merits of Total's reliance on the advice of counsel without evidence as to what legal advice was sought and was given.

### B. Total's Opposition

Total begins its opposition with the sentence: "To avoid any question of doubt, Total hereby stipulates that it will not assert reliance on its counsel as an element of any claim or defense in this case." Total notes that in its two motions for partial summary judgment, it relies only on the language of the ORRIs and the district court's and Fifth Circuit's earlier opinions, not on the advice of counsel.

3

Citing the deposition of Ryan, Total notes that it objected to any question that called for disclosure of attorney-client communications. Citing the deposition of Houck, it notes that he revealed that conversations occurred but never revealed the substance of them.

Total argues that the state law of privilege applies here as jurisdiction is based on OCSLA, which incorporates the adjacent state law, and thus Louisiana law of privilege governs here. Total maintains that the Louisiana Supreme Court has rejected the broad "implied waiver" on which Kerr-McGee relies. Quoting the court, Total notes that it only waives the privilege when it "pleads a claim or defense in such a way that [it] will be forced inevitably to draw upon a privileged communication at trial in order to prevail."

Total argues that Kerr-McGee has not met its burden to demonstrate waiver. Citing case law, Total notes that a litigant's pleading of a claim or defense to which his attorney-client communications are relevant does not by such pleading alone waive his attorney-client privilege. Total maintains that testimony as to the underlying facts of the communications – *i.e.*, the subject of the advice – does not waive the privilege as to the contents of the communications. Total argues that Lavergne testified only as to a fact – whether he made the decision not to pay the ORRIs before or after consulting with counsel.

Total contends that this action is consistent with its responses to Kerr-McGee's discovery requests, in which it revealed the people who participated in the decision-making process but not the underlying substance of the decision-making.

Total argues that it has not injected the issue of advice of counsel into this litigation and repeats the above stipulation. It notes that Lavergne never used the language "advice of counsel" at his deposition: That was used by counsel for Kerr-McGee. He never testified that his actions were

4

taken on the advice of counsel, only that he consulted counsel. Citing case law, Total argues that courts have refused to find waiver when the disclosure was in response to a question posed by the opposing party and did not reveal the substance of the conversation.

Assuming waiver occurred, Total also argues that the scope is not as broad as Kerr-McGee would like it to be. It notes that Kerr-McGee seeks all privileged documents and not only those related to the specific instances mentioned in its motion. It maintains that this would be a blanket waiver, not mandated by case law.

With regard to the title opinion and the communications with Bruce Kramer, Total contends that neither Geiger, Laborde nor Kramer represents it. Any discussion about them, it maintains, is not privileged and thus can not form the basis of a waiver argument.

## III. Law and Analysis

For the following reasons, the Court denies the motion. The Court finds that the majority of the legal issues can be pretermitted by Total's stipulation that it will not assert any claim or defense grounded on the advice of counsel. In *Kirschner v. Klemons*, the magistrate judge concluded that the defendant had waived the attorney-client privilege when he had testified at his deposition about the substance of communications that he had had with counsel. No. 99CIV4828, 2001 WL 1346008, *2 (S.D.N.Y Oct. 31, 2001), *superceded by* No. 99 Civ. 4828, 2001 WL 36410906 (S.D.N.Y. Nov. 13, 2001). The magistrate thus found waiver and ultimately concluded, under the waiver-by-implication doctrine, that it was a blanket waiver of all attorney-client communications. *Id.* On appeal, the district court upheld the finding of specific waiver but reversed the magistrate's finding of blanket waiver. *Id.* at *3-4. The district court reversed the finding of blanket waiver because the defendant stipulated that he did not intend to assert advice of counsel as

5

a claim or defense. *Id.*

Here, Total stipulated that it will not raise the advice of counsel as a claim or defense. In addition, Total notes that it has never even used the term; Kerr-McGee used it at Total's corporate deposition. Because it stipulated so, there can be no finding of blanket waiver. And as to specific waiver, the Court finds nothing in the pleadings about the substance of any communication. That Total or its counsel testified that advice occurred is of no moment. Courts hold that only if the substance of the underlying communication is disclosed will there be a finding of waiver. *Charles Woods Television Corp. v. Capital Cities/ABC, Inc.*, 869 F.2d 1155, 1162 (8th Cir. 1989) ("Furthermore, Woods TV's argument that ABC waived the privilege at trial also lacks merit. Although the network's witnesses testified generally about the effects of the merger, they never mentioned the particular communication in question."); *Boyd v. St. Paul Fire & Marine Ins. Co.*, 775 So. 2d 649, 656 (La. Ct. App. 2000) ("[A] waiver of the privilege most commonly results from a privilege-holder's abuse of it in three types of situations: (1) "partial disclosure"—a strategic introduction into evidence of only part of a larger class of privilege material; (2) "pretrial and partial disclosure"—a pretrial disclosure of privileged communication indicating a decision to rely on privileged evidence at trial; (3) "placing privileged communications at issue"—an affirmative pleading of a claim or defense that inevitably requires the introduction of privileged communications.").

Kerr-McGee asks the Court to open a precipitous door. Were the Court to hold as Kerr-McGee asks, any individual involved in litigation who testifies, "I talked to an attorney," would be deemed to have waived any attorney-client privilege. This Court is not willing to open that door.

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Kerr-McGee's Motion to Compel Production of Documents and Re-Opening of Depositions [Doc. #329] is denied.

New Orleans, Louisiana, this 30th day of September, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**